# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>EDGAR JULIAN SMITH,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO CONTINUE TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Case No. 4:21-cr-00093-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

   Based on Defendant's Motion to Continue Jury Trial and Exclude Time from Speedy Trial Act ("Motion")[1] and for good cause appearing, the court makes the following findings:

   1.  Defendant first appeared in this court on September 23, 2021,[2] for an arraignment on the indictment filed in this case. Trial was previously set to begin on December 7, 2021. On November 18, 2021, the trial was continued for 120 days until March 15, 2022.[3]

   2.  Defendant has moved to continue trial for 90 days pursuant to 18 U.S.C. § 3161(h)(7) (ends of justice).[4] This is Defendant's first request for continuance of the trial in this matter.

   3.  The defense asks the Court to continue the trial for 90 days to allow a finalization of a plea agreement between Defendant and the government.[5]

   4.  Due to Defendant's current incarceration in Iron County, Defense Counsel states

---

[1] Docket no. 19, filed February 22, 2022.

[2] Minute Entry for Proceedings Held Before Magistrate Judge Paul Kohler, docket no. 8, filed September 23, 2021.

[3] Memorandum Decision and Order Granting Motion to Exclude Time Under the Speedy Trial Act and Set New Trial Date, docket no. 16, filed November 18, 2021.

[4] Motion at 2.

[5] *Id.*

counsel believes he will be unable to obtain a Statement of Defendant Entering a Guilty Plea and review it in person with Defendant prior to the current trial date.[6]

5. Defendant is in custody and agrees with this continuance.[7]

6. Government counsel, Seth A. Nielsen, was contacted and does not object to a continuance based on the General Orders.[8]

7. There are no other defendants in this case.[9]

## DISCUSSION

An "ends of justice" exclusion of time under the Speedy Trial Act is disfavored and "was meant to be a rarely used tool for those cases demanding more flexible treatment."[10]

Failure to grant the requested continue, however, would result in a miscarriage of justice and would deny counsel for the government and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Counsel for Defendant states a plea is being negotiated and will be able to be completed if a continuance is granted. Therefore, the ends of justice served by this continuance outweigh the best interests of the public and Defendant in a speedy trial. The time from the filing of this motion to the new trial date will be excluded from Defendant's speedy trial computation. The continuance is not based on lack of diligent preparation on the part of the attorney for the United States or the defense, or

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] United States v. Toombs, 574 F.3d 1262, 1269 (10th Cir. 2009).

failure on the part of the attorney for the United States to obtain available witnesses.

Accordingly, the court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

## ORDER

THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1. The Motion[11] is GRANTED. The trial previously scheduled for March 15, 2022 is continued to June 14, 2022.

2. The time period between the filing of the Motion and June 14, 2022, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

Dated February 23, 2022.

BY THE COURT:

*David Nuffer*
David Nuffer
United States District Judge

---

[11] Docket no. 19, filed February 22, 2022.